**In re Witherspoon**

C.P. of Philadelphia County, no. 231 AP of 2007.

*J. Kurt Straub* and *Nina B. Stryker,* for Episcopal Long Term Care and Temple University Heath System Inc.

*William L. Banton Jr.,* for Philadelphia Nursing Home.

*Brian L. Strauss,* for Adam S. Bernick.

*Brent Moss,* for Angela Barnes Triplett.

O'KEEFE, *J.,* June 30, 2010—John Witherspoon died intestate on April 6, 2004 at the age of 82. At the time of his death he was a resident of the Philadelphia Nursing Home, where he had lived since January 24, 2003. At the time of his death, the decedent was impoverished and dependent upon medical assistance. As a result of benefits paid on decedent's behalf during his lifetime, the Pennsylvania Department of Public Welfare has subsequently asserted a lien against the estate in the amount of $264,616.76.

At the time of his death, Witherspoon had a potential heir, his alleged son, James Redding.[1] On February 23, 2005, James Redding renounced his right to administer the decedent's estate and respectfully requested that letters be issued to Lottie Moore, a sister of the decedent. Said renunciation appears as exhibit A-3 in the record in this matter.

On September 2, 2004, Ms. Moore hired the law firm of Wilkes and McHugh to investigate a potential lawsuit on behalf of Mr. Witherspoon's estate against the Philadelphia Nursing Home, Episcopal Long Term Care and Temple University Health Care Systems. A copy of the contingency fee agreement between Ms. Moore and the firm of Wilkes and McHugh appears as exhibit A-1 in the record in this matter.

On October 1, 2004, Wilkes and McHugh sent a letter to the Philadelphia Nursing Home informing them that the estate of John Witherspoon may have a potential claim against the Nursing Home. Enclosed with the letter was a "HIPPA complaint medical authorization," signed by Ms. Moore, authorizing the nursing home to release the decedent's medical records and other information to the firm of Wilkes and McHugh.

On March 28, 2005, Ms. Moore filed a petition for citation to show cause why petitioner should not be appointed administratrix with the register of wills, which

---

1. It is disputed as to whether James Redding is in fact the son of decedent John Witherspoon. Lottie Moore, sister of the decedent, previously stated that Redding was in fact the son of decedent Witherspoon. However, Redding's birth certificate states that his father's name is "Information not recorded". To date there has been no final determination as to whether James Redding is the son of the decedent.

appears as exhibit A-4. In her petition, Ms. Moore asserts that Mr. Witherspoon left behind seven heirs, all siblings of the decedent.

Concurrently, on March 28, 2005, the law firm of Wilkes and McHugh filed a petition with the register of wills for letters of administration pendente lite on behalf of Denise Rafter, a paralegal at said firm. In the petition, which appears as exhibit A-5 in the record in this matter, Ms. Rafter avers that Ms. Moore retained the firm of Wilkes and McHugh to investigate the death of Mr. Witherspoon. Ms. Rafter avers that the estate requires an administrator pendente lite in order to "preserve any action under the statute of limitations", as the alleged tort occurred on March 31, 2003, and therefore the two-year statute of limitation would run on March 31, 2005.[2] The petition further states that Ms. Rafter will "withdraw" when the register appoints "any other legitimate petitioner".

On March 30, 2005, the register of wills of Philadelphia County appointed Denise Rafter to serve as administratrix pendente lite of the Estate of John Witherspoon, deceased.

On March 31, 2005, Ms. Rafter, as administratrix pendente lite, filed a writ of summons in the civil trial division of the Philadelphia Court of Common Pleas, civil trial division, against Philadelphia Nursing Home,

---

2. Appellants contend that the statute of limitations began running on April 6, 2004, when John Witherspoon died and ended on April 6, 2006. Respondents state that because the underlying lawsuit contains a survival claim, the statute of limitations began when the injury allegedly occurred on March 31, 2003.

Episcopal Long Term Care and Temple University Health Systems, alleging that John Witherspoon suffered a severe injury of bilateral pneumonia and congestive heart failure on March 31, 2003, as a result of the conduct of the defendants. The action is captioned *Denise Rafter, administratrix pendente lite of the estate of John Witherspoon, deceased v. Episcopal Long Term Care, Philadelphia Nursing Home and Temple University Health Systems Inc.,* March Term 2005, no. 3770.

On May 19, 2006, Lottie Moore signed a letter to the register of wills withdrawing her petition to be appointed administratrix of the estate of John Witherspoon, originally filed on March 28, 2005. In said letter, which appears as exhibit A-6 in the record, Ms. Moore consents to the removal of Denise Rafter as administratrix pendente lite and to the appointment of Adam S. Bernick, Esquire, as successor administrator pendente lite of the estate of John Witherspoon.

Thereafter, on June 1, 2006, the register accepted Ms. Rafter's resignation and appointed Mr. Bernick as her successor.

On October 3, 2006, the register of wills issued a decree denying the petition to revoke ab initio the letters of administration. There is no written opinion of the register of wills.

On January 3, 2007, Andrew A. Coates, Esquire, in his capacity as counsel for the Commonwealth of Pennsylvania Department of Public Welfare, executed a consent to Mr. Bernick's appointment as administrator pendente lite of the estate, and consented to the malpractice suit filed in the Philadelphia Court of Common Pleas.

On January 4, 2007, Angel Triplet, a niece of decedent John Witherspoon, came forward and executed a consent to Mr. Bernick's appointment as administrator pendente lite of the estate. At such time Ms. Triplet also consented to the ongoing civil proceedings.

On February 9, 2007, the defendants in the civil matter filed a notice of appeal and a petition for citation to show cause why their appeal from the register's decree of October 3, 2006 should not be granted. In their petition for citation sur appeal, the appellants again cite *Brokans v. Melnick,* 391 Pa. Super. 21, 569 A.2d 1373 (1989) and argue that Denise Rafter, Adam Bernick and the law firm of Wilkes and McHugh have not "established any grounds or authority to proceed on behalf of the intestate heirs of the decedent."

On March 1, 2007, Adam Bernick, Esquire, filed preliminary objections to the petition for citation sur appeal, arguing that defendants have no standing to appeal from the register because they have no interest in the decedent's estate.

The appellants filed an answer to Bernick's preliminary objections on March 20, 2007, in which they argue that the Pennsylvania Superior Court decision in *Brokans* trumps any case law on standing.

On September 10, 2007, Angela Triplet, a niece of decedent Witherspoon, filed an answer and new matter to the petition sur appeal, raising issues similar to those filed by Adam Bernick in his preliminary objections.

On October 7, 2008, at a hearing held on the pleadings in this matter, this court heard from the attorneys for Angela Barnes Triplet, Adam Bernick, Philadelphia Nursing Home, Episcopal Long Term Health Care and

Temple University Health System Inc. The appellants offered six depositions into the evidence as "D-1." Respondents offered 13 exhibits into evidence as "A-1" through "A-13."

I hold that the letters of administration pendente lite granted to Denise Rafter, and subsequently to Adam Bernick, are valid and enforceable.

Appellants assert that the letters of administration pendente lite granted by the register of wills to Ms. Rafter, and subsequently to Mr. Bernick, are void and should therefore be revoked ab initio. The basis of appellants' argument is that Ms. Rafter and Mr. Bernick are not entitled to letters of administration as they are not surviving heirs of decedent and are therefore considered "strangers" to the estate under 20 Pa.C.S. §3155.

In Pennsylvania, the person entitled to letters of administration is determined by the application of 20 Pa.C.S. §3155(b), which provides:

"(b) Letters of administration.

"Letters of administration shall be granted by the register, in such for as the case shall require, to one or more of those hereinafter mentioned, and except for good cause, in the following order:

"(1) Those entitled to the residuary estate under the will.

"(2) The surviving spouse.

"(3) Those entitled under intestate law as the register, in his discretion, shall judge will best administer the estate, giving preference, however, according to the sizes and shares of those in this class.

"(4) The principal creditors of the decedent at the time of his death.

"(5) Other fit persons."

The Superior Court in *Brokans v. Melnick,* 391 Pa. Super. 21, 569 A.2d 1373 (1989), explained the construction of 20 Pa.C.S. §3155(b). *Brokans* held that an attorney, who petitioned the register of wills for letters of administration in order to commence a civil malpractice lawsuit, could not be granted letters of administration. The court found that the attorney was an improper administrator because he was, "a complete stranger without any financial, blood or marital interest in the estate" when the decedent's immediate family members had survived her. *Id.* at 29-30, 569 A.2d at 1377. The court noted that these intestate heirs had "not expressly renounced their right to administer the estate." *Id.* at 30, 569 A.2d at 1377. The Superior Court therefore affirmed the order of the lower court which had granted the preliminary objections and dismissed the complaint against the defendant.

Appellants' argument is flawed on several counts. First, appellants address "letters of administration", and not "letters of administration pendente lite." Letters of administration pendente lite are evaluated under a different statute than letters of administration. Rafter, and her successor Bernick were not appointed by the register to be administrators of the decedent's estate, rather, administrators pendente lite.

The appellants evaluated the register's decree under 20 Pa.C.S. §3155(b). 20 Pa.C.S. §3155(b), which determines the order of the persons entitled to be appointed

administrator, does not apply to the appointment of an administrator pendente lite. The appointment of an administrator pendente lite is evaluated under 20 Pa.C.S. §3160, and not 20 Pa.C.S. §3155(b).

20 Pa.C.S. §3160 dictates that the register may grant letters of administration pendente lite to "any fit person." In the 1949 official comment following 20 Pa.C.S. §3160, it is stated that the register, when selecting "any fit person" to serve as administrator pendente lite, is *"not bound to follow the statutory order of preference that otherwise applies to the selection of administrator."* (emphasis added) Here, the register appointed Rafter, and subsequently Bernick, to the post of administrator pendente lite of the estate of John Witherspoon following the review of the petitions filed on their behalf. Therefore, under 20 Pa.C.S. §3160 the register was well within his right to appoint both Ms. Rafter and Mr. Bernick as administrators pendente lite.

The appellants argument under *Brokans* is similarly faulty in that it attempts to evaluate the legal ramifications of the appointment of Mr. Bernick as administrator, and not administrator pendente lite. Furthermore, unlike the facts presented in *Brokans,* here three intestate heirs of the decedent renounced their right to serve as the administrator of his estate, and two intestate heirs consented to Mr. Bernick's appointment as administrator pendente lite. Additionally, no steps have been taken by Mr. Bernick or Ms. Rafter to impede or prevent the appointment of any intestate heir as administrator of decedent's estate. In fact, the record suggests that Mr. Bernick has attempted to locate additional family members should they desire to serve in the capacity of administrator.

Appellants argument, that *Brokans* establishes that all possible heirs in the statutory scheme must renounce their right to administer the estate before a "stranger" can be appointed administrator pendente lite, is erroneous. As the court noted in *Brokans,* at 32, 569 A.2d at 1378, a "stranger" can be appointed administrator when "a party entitled to administer the estate renounces his right to administration in favor of a stranger." This language in *Brokans* states "a party" in the singular and not "all parties", renounce the right to administer. The record shows that James Redding, the alleged son of the decedent, Lottie Moore, the sister of the decedent, and Angela Triplet, the niece of the decedent, all potential intestate heirs and therefore within the right to administer the decedent's estate, renounced their right to serve as administrator of the decedent's estate. Ms. Moore and Ms. Triplet also consented to Mr. Bernick serving as administrator pendente lite. Thus, we must reject this argument by the appellants.

The appellants' final argument, that the length of the pendente lite administration has exceeded its "finite duration," is also without merit. The appellants to that Ms. Rafter and subsequently Mr. Bernick have served in this "temporary" position for several years. Appellants assert that the time served is long past the alleged imminent "crisis of filing suit to toll the statute of limitations." Case law, however, suggests that there is no time limit that one can serve as administrator pendente lite. This court held in *In re Gorsuch's Estate,* 8 D.&C.2d 190 (Orphans' Ct. 1957) that the role of administrator pendente lite runs the length of litigation, but "may not exist longer than the pendency of the litigation." Thus, as there

is no finite term to the position of administrator pen-dente lite, and per the fact that the civil litigation is pending, Mr. Bernick's appointment as administrator pendente lite remains valid.

In conclusion, appellants' argument that appellee's letters of administration pendente lite should be revoked ab initio is without merit. An appropriate decree will be entered.

